# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an individual<br><br>                                   Plaintiff,<br><br>v.<br><br>VALLEY CENTER-PAUMA UNIFIED SCHOOL DISTRICT; RON MCCOWAN; ALA HERNANDEZ; AARON LITTLE; and DOES 2-50, inclusive,<br><br>                                   Defendants. | Case No.:  3:25-cv-03686<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED PSEUDONYMOUSLY [DOC. 3]** |

Pending before the Court is Plaintiff's motion to proceed in this action under the pseudonym "Jane Doe." (*Pl's Mot.* [Doc. 3].) Valley Center-Pauma Unified School District ("Defendant") filed a response in non-opposition. (*Def's Resp.* [Doc. 12].) The Court decides the matter without oral argument pursuant to Civil Local Rule 7.1(d)(1).

For the reasons set forth below, the Court **GRANTS** Plaintiff's motion to proceed pseudonymously [Doc. 3]. This order is procedural in nature and does not constitute any factual determination on the merits.

1

## I.   BACKGROUND

The following allegations are recounted solely as provided in Plaintiff's initial complaint. Plaintiff, a minor at all relevant times, alleges that beginning in Fall 2021 at Valley Center Middle School, Diego Ramirez "bull[ied] and sexually harass[ed]" her and her friends during a shared lunch period by forcing them to watch pornography and sharing explicit "sexual facts," including videos depicting "a nude older man masturbating and a woman masturbating with a jar," alongside comments about sexual violence. (*Compl.* [Doc. 1] at ¶¶ 35–36.)

Although Defendant eventually issued a Stay Away Order against Diego Ramirez in March 2022, Plaintiff claims it was not enforced and that the conduct escalated, including a December 2022 incident in which Diego Ramirez "kick[ed] JANE DOE and another female student in the shins during lunch." (*Compl.* at ¶¶ 42, 50.) This misconduct purportedly culminated in a February 27, 2024 exchange in which he allegedly stated, "if I were to shoot up this school . . . you would be the first one I shoot," followed by graphic threats. (*Id.* at ¶ 53.) The complaint further alleges that, although Ramirez had been "removed" from campus, Defendant informed Plaintiff's family days before the Fall 2024 term that he would return, prompting Plaintiff to transfer to independent study as a long-term plan. (*Id.* at ¶ 79.)

Plaintiff asserts that Defendant failed to implement recommended support systems despite medical documentation diagnosing her as a "child victim of physical and psychological bullying" with "post-traumatic stress disorder ("PTSD"), acute adjustment disorder, generalized anxiety disorder, social anxiety disorder, and major depressive disorder, single episode, mild." (*Compl.* at ¶¶ 76–81.) Plaintiff also received counseling at Rady's Chadwick Center, "an accredited children's advocacy center for traumatized children." (*Id.* at ¶ 76.) Plaintiff alleges that the independent-study placement left her with "no one overseeing or teaching" her coursework and exacerbated symptoms including "PTSD anxiety, depression, insomnia, social anxiety . . . and migraines." (*Id.* at ¶¶ 82, 89.) The complaint describes an academic and emotional decline from a weighted 4.4 GPA to

2

withdrawal from traditional schooling, attributed to "the stress and anxiety from the homicidal threat and hostility from the [School District]," ultimately requiring private instruction and redoing her eleventh-grade year. (*Id.* at ¶¶ 82–88.)

## II.   LEGAL STANDARD

### A.   Motion to Proceed Pseudonymously

Parties may proceed under pseudonyms in the "unusual case" where concealing a litigant's identity "is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). Under Ninth Circuit precedent, parties may proceed pseudonymously only when the need for anonymity outweighs prejudice to the opposing party and "the public's interest in knowing the party's identity." *Id.* at 1068. Assessment of prejudice includes considering whether the opposing party already knows the litigant's identity, because such knowledge "lessens [a party's] claims to be prejudiced by the use of pseudonyms." *Id.* at 1069 n.11. With respect to the public interest analysis, non-disclosure does not necessarily "obstruct public scrutiny of the important issues," and the public possesses an interest in allowing meritorious claims to proceed without chilling effects. *Id.* at 1072–73.

The Ninth Circuit has stated that courts should determine the need for anonymity according to the following three factors: (i) the severity of the harm with which disclosure threatens the party; (ii) the reasonableness of the party's fears of that harm; and (iii) the party's vulnerability to reprisal. *Advanced Textile Corp.*, 214 F.3d at 1068. Matters involving "human sexuality" may fall within the category of "sensitive and highly personal" subjects supporting anonymity. *Roes 1–2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 994 (N.D. Cal. 2015) (noting that courts have permitted anonymity in cases involving abortion, sexual orientation, transgender identity, and sexual abuse allegations).

In *John Doe 140 v. Archdiocese of Portland in Oregon*, the court allowed a survivor of clergy sexual abuse to proceed anonymously where the allegations involved repeated

3

sexual abuse during private confession visits. 249 F.R.D. 358, 360. Applying the *Advanced Textile* balancing test, the court emphasized that the plaintiff "would face a very real risk of harassment, ridicule, and personal embarrassment," and recognized that "[t]he experience of sexual abuse can be deeply psychologically traumatic, and public knowledge of such abuse can trigger new trauma even years after the fact." Id. at 361. Therefore, risk of retraumatization, harassment, or personal embarrassment weighs in favor of anonymity where disclosure would expose a plaintiff to additional psychological harm and little prejudice results from nondisclosure.

## III.  DISCUSSION

Although Plaintiff is no longer a minor, Ninth Circuit precedent recognizes that the perceived need for anonymity persists after a plaintiff "ages out" of minority. *See Kamehameha Schs.*, 625 F.3d at 1195. Accordingly, this Court will evaluate pseudonymity based on the nature of the allegations and the interests at stake, rather than placing weight on Plaintiff's current age.[1]

The allegations in the complaint present the type of "unusual case" where it is appropriate to protect a plaintiff from "injury, ridicule, or personal embarrassment." *See Advanced Textile Corp.*, 214 F.3d at 1067–68. Plaintiff alleges sustained and severe sexual harassment—including being forced to watch pornography and subjected to comments about sexual violence. This purported conduct is particularly troubling given that she was a minor in a school setting.

Furthermore, the prejudice to Defendant is minimal. As the record reflects, Defendant already knows Plaintiff's identity, and Plaintiff has offered to exchange

---

[1] At this stage, and as requested (*See Def's Resp.* at 3), this Court considers the allegations in the complaint solely for purposes of the anonymity analysis and makes no factual findings as to their truth. Defendant's non-opposition will also not be interpreted as admission of any fact alleged, and Defendant retains all rights to contest and challenge Plaintiff's allegations and claims in full.

4

identifying information subject to confidentiality assurances. (*Pl's Mot.* at 9.) In addition, Defendant "does not oppose" Plaintiff proceeding as Jane Doe. (*Def's Resp.* at 1.) The central issues in this case relate to the alleged misconduct of Defendant and named officials in permitting Diego Ramirez's conduct to continue, and Plaintiff's identity is not necessary to adjudicate those claims. Where anonymity does not "obstruct public scrutiny of the important issues," disclosure is not necessary. *See Advanced Textile Corp.*, 214 F.3d at 1072-73.

Moreover, courts within this Circuit have recognized issues involving "human sexuality," including sexual abuse and harassment, as clear examples of "sensitive and highly personal" subjects. *SFBSC Mgmt., LLC*, 77 F. Supp. 3d at 994. The allegations in this case fall squarely within that ambit. Plaintiff alleges sexual harassment, homicidal threats, and resulting trauma and mental-health struggles that interfered with her ability to remain at school and perform academically at the same level. (*Compl.* at ¶¶ 99–108.) Taken for the purpose of the pseudonymity analysis, these claims describe deeply personal experiences involving a minor contending she "suffered both physical and psychological bullying," including PTSD, anxiety, and depression. (*Id.* at ¶ 76.)

In *John Doe 140 v. Archdiocese of Portland in Oregon*, the court recognized that a plaintiff may face a "very real risk of harassment, ridicule, and personal embarrassment," and that public disclosure of sexual-abuse allegations can "trigger new trauma even years after the fact." 249 F.R.D. at 361. Plaintiff here alleges substantial ongoing trauma, and this Court sees no reason to risk exacerbating that harm by requiring disclosure of her identity at this stage. Moreover, as was the case in *John Doe*, Defendant already knows Plaintiff's identity, minimizing prejudice and allowing the claim to proceed pseudonymously does not undermine, but may advance, the public's interest in adjudicating important questions regarding how schools purportedly respond to alleged student harassment and safety threats. *See id.* Under these circumstances, permitting Jane Doe to proceed pseudonymously balances privacy, fairness, and public access.

## IV.   CONCLUSION & ORDER

In balancing the nature of the allegations, the minimal prejudice to Defendant, and the public's continued ability to scrutinize the issues presented, this matter falls within the limited class of "unusual cases" warranting pseudonymous treatment. *See Advanced Textile Corp.*, at 1067–68. Accordingly, the motion to proceed pseudonymously is therefore **GRANTED** [Doc. 3].

**IT IS SO ORDERED.**

Dated:  March 5, 2026

_____
Hon. Thomas J. Whelan
United States District Judge

6

3:25-cv-03686